# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**YOLANDA COLLIER,**

        **Plaintiff,**

-vs-                                    **Case No. 6:09-cv-686-Orl-28DAB**

**7-11,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)**
>
> **FILED:**       **April 20, 2009**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** without prejudice.

      In order to proceed *pro se*, Plaintiff must allege a non frivolous cause of action within the limited jurisdiction of the federal courts. Upon a party's submission of an affidavit of indigency, any court of the United States may authorize the party to proceed *in forma pauperis*. 28 U.S.C. § 1915(a). However, the Court may dismiss the case or refuse to permit it to continue without payment of fees if the Court determines that the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2). A cause of action should not be considered frivolous unless "without arguable merit." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991), *cert. denied*, 503 U.S. 921 (1992) (quoting *Harris v. Menendez*, 817

F.2d 737, 739 (11th Cir. 1987)). To determine if a plaintiff should be permitted to proceed *in forma pauperis*, a district court must determine "whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Id.* (quoting *Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976)). A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus,* 127 S.Ct. 2197, 2200 (2007).

Here, the complaint fails to state a cause of action within the limited jurisdiction of the Court. Initially, the Court notes that Defendant is identified only as "7-11." While the Court assumes that Plaintiff means to sue the owner or operator of the convenience store known as "7-11," it is likely that "7-11" is a trade name, and not a legal entity capable of being sued. To the extent the store is owned by a corporation, individual or other such entity, Plaintiff must identify him or it, sufficient to bring the party before the Court.

Additionally, the complaint fails to identify a cause of action cognizable in federal court. Plaintiff alleges that she was hired by 7-11, sent to a level three store, and then two managers and a field consultant "pulled [her] into the office one day and was asking me about thefts in the store." Plaintiff states that her field consultant "asked me if I was sleeping with two of the male employees which made me very uncomfortable [and] ask[ed] me my sexual preference, like if I liked to date women." The managers then "pressured and harassed" her into writing out a "bogus" letter "saying that [she] stole $364 worth of stuff from 7-11" and then fired her. Plaintiff does not include a prayer for relief, nor is her cause of action clear.

To the extent these allegations reflect an attempt to plead a federal civil rights violation:

To establish a hostile-environment sexual-harassment claim under Title VII based on harassment by a supervisor, an employee must show: (1) that he or she belongs to a protected group; (2) that the employee has been subject to unwelcome sexual

harassment, such as sexual advances, requests for sexual favors, and other conduct of a sexual nature; (3) that the harassment must have been based on the sex of the employee; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) a basis for holding the employer liable.

*Mendoza v. Borden, Inc*., 195 F.3d 1238, 1245 (11th Cir.1999) (*citing Henson v. City of Dundee*, 682 F.2d 897, 903-05 (11th Cir.1982)). While an employee need not plead a prima facie case of discrimination in order to state a cause of action, *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002), a plaintiff must still articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007).

Even construed liberally, Plaintiff's allegations cannot establish a cause of action for sexual harassment, as pled, as a matter of law.[1] Nor has she alleged any other federal law cause of action that the Court can discern. To the extent she is attempting to plead some state law cause of action for wrongful termination (if, indeed, there is such an action), she has failed to establish the requirements of diversity jurisdiction (diverse citizenship of all parties and an amount in dispute of $75,000 or more).

As the complaint does not plead any cause of action within the Court's limited jurisdiction, the motion to proceed as a pauper should not be granted. It is therefore **respectfully recommended** that the motion be **denied, without prejudice** to renewal upon the filing of an Amended Complaint setting forth some claim within the limited jurisdiction of this Court. Any such amendment must meet

---

[1]As Judge Fawsett recently summarized: "Title VII should not be treated as a federal civility code, and 'an employer's harassing actions toward an employee do not constitute employment discrimination under Title VII unless the conduct is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'(paraphrasing *Mendoza* with citation, quotation marks, and brackets omitted). *United States E.E.O.C. v. Dillard's, Inc*., 2009 WL 789976, 6 (M.D. Fla. 2009). The allegations here are not sufficiently severe or pervasive as to create an abusive working environment, as a matter of law.

the requirements of Rule 8 of the Federal Rules of Civil Procedure that the complaint contain "a short and plain statement of the grounds upon which the court's jurisdiction depends" and "a short and plain statement of the claim showing that the pleader is entitled to relief" within 11 days from the date of any Order adopting or affirming this Report and Recommendation. If Plaintiff fails to file an appropriate amended complaint, the action should be dismissed.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 23, 2009.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy